UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jawan Akil Bey,

                Plaintiff,

–v–

City of New York, *et al.*,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 28 2015

13-CV-9103 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is the Defendant City of New York's[1] motion to dismiss Plaintiff Jawan Akil Bey's Amended Complaint, Dkt. No. 24, and for a filing injunction enjoining Plaintiff from bringing any further actions challenging his December 1998 termination without first obtaining leave of Court. Dkt. No. 17. For the reasons stated herein, the City's motion to dismiss is converted into a motion for summary judgment and is GRANTED, but the City's motion for a filing injunction is DENIED at this time. However, Plaintiff is forewarned that any further filings relating to his 1998 termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction.

## I.    LEGAL STANDARD

    "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (citing *Day v.*

---

[1] The City represented to the Court that the other Defendants in this action—former mayor Rudolph Giuliani, former Department of Correction ("DOC") Commissioners Bernard Kerik and William Fraser, and former DOC Inspector General Michael Caruso—have not been formally served in this action and so Plaintiff's claims against them should be dismissed on that basis alone. Def. Br. at 2 n.1. The Court need not reach this issue because it concludes that Plaintiff's claims are barred by the doctrine of res judicata and are untimely under Rule 60 against any Defendant.

1

*Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *United States v. Eastport S.S. Corp.*, 255 F.2d 795, 802 (2d Cir. 1958)). "In determining whether plaintiffs' claims [are] barred by *res judicata*, the district court [may] properly consider[] documents expressly referenced in the amended complaint and materials in the public record that are subject to judicial notice." *Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 F. App'x 183, 187 n.2 (2d Cir. 2012) (citing *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that courts "may also look to public records including complaints filed in state court, in deciding a motion to dismiss")).[2]

But if a district court considers matters outside the pleadings, converting a motion to dismiss to one for summary judgment is proper so long as the opposing party is given proper notice of the conversion. *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) (Chin, J.) (citing *Villante v. Dep't of Corr. of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986)); *see also* Fed. R. Civ. P. 12(d). Here, both Plaintiff and the City submitted and referenced documents outside of the pleadings. Moreover, pursuant to Local Rule 12.1, the City provided Plaintiff with notice, Dkt. No. 20, that the Court might treat the City's motion to dismiss pursuant to Rule 12(b)(6) as a motion for summary judgment. *See, e.g., Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases finding that a Local Rule 12.1 Notice provides sufficient notice to *pro se* parties). Therefore, the Court concludes that the appropriate course of action here is to convert Defendant's motion to dismiss to one for summary judgment.

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, a court views all evidence in the light most favorable to the non-movant, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir.

---

[2] Plaintiff filed a request for judicial notice, Dkt. Nos. 33-35, which the Court need not address. To the extent the Court has relied on documents publicly filed in Plaintiff's prior actions, it has taken judicial notice of them.

2004), and "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## II. BACKGROUND

Plaintiff, a self-described Moorish American, is a former employee of the New York City Department of Correction ("DOC") who was fired by the DOC in or about December 18, 1998. He has brought at least four other separate proceedings or actions relating to his termination and the events leading up to his termination. *See Jawan Akil Bey v. City of New York, et al.*, No. 09 Civ. 7566 (LMM) (S.D.N.Y.); *Jawan Akil Bey v. City of New York, et al.*, No. 98 Civ. 1353 (LAK) (S.D.N.Y.); *Agnes Bey, et al. v. City of New York, et al.*, No. 98 Civ. 5155 (JFK) (S.D.N.Y.); *Jawan Akil Bey v. City of New York*, Index No. 102646/2001 (Sup. Ct., New York Cnty.).

Plaintiff alleges that he commenced the present action after learning about newly discovered evidence in February 2013 that was revealed in the course of two actions—to which he was not a party—presenting similar factual circumstances concerning other Moorish Americans terminated by the City: *Oba Hassan Wat Bey, et al. v. City of New York, et al.*, No. 99 Civ. 3873 (AJN) (RLE) (S.D.N.Y.) and *Alberto Rivera Bey v. City of New York, et al.*, No. 01 Civ. 9406 (AJN) (RLE) (S.D.N.Y.). Am. Compl. ¶¶ 2, 21. Specifically, Plaintiff points to the trial testimony of Terrence J. Skinner regarding certain actions of former city officials Rudolph Giuliani, Bernard Kerik, William Fraser, and Michael Caruso relating to the termination of Moorish Americans. Am. Compl. ¶¶ 21, 25. Plaintiff argues that this newly discovered evidence entitles him to relief from his prior judgments or orders pursuant to Federal Rule of Civil Procedure 60.

## III. DISCUSSION

Plaintiff is not the first litigant who has attempted to seize on Skinner's trial testimony to seek relief from a prior judgment relating to his termination. *See Yashua Amen Shekhem El Bey v. City of New York*, No. 13-CV-8927 (AJN), 2014 U.S. Dist. LEXIS 158531 (S.D.N.Y. Oct. 31,

3

2014). As with the related action involving Yashua Amen Shekhem El Bey, the Court concludes that Plaintiff's claims are barred by the doctrine of res judicata and his motion for relief from a prior judgment under Rule 60 is untimely.

### A. Plaintiff's Claims Are Barred by the Doctrine of Res Judicata

"To prove the affirmative defense [of res judicata or claim preclusion] a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995)). "As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (internal citations and quotation marks omitted). Similarly, a claim is precluded under New York law "if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different theory of recovery." *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir. 1987) (quoting *Smith v. Russell Sage College*, 429 N.E.2d 746, 749 (N.Y. 1981)). And "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96 (citing 28 U.S.C. § 1738).

In 1998, Plaintiff, along with several others, brought suit against the City of New York, Giuliani, Caruso, Kerik, and others asserting a variety of claims relating to his suspension, disciplinary hearing, and termination. *Bey v. City of New York*, No. 98 Civ. 1353 (LAK), 1998 U.S. Dist. LEXIS 23242 (S.D.N.Y. Apr. 30, 1998). Judge Kaplan granted the defendants' motion to dismiss except with respect to claims that the Office of Administrative Trials and Hearings ("OATH") proceedings deprived Plaintiff "of due process of law because they are

4

subject to inappropriate influence and their impartiality is compromised by the City's alleged financial interest in the outcomes . . . ." *Id.* at *8-9. The City indicated in its brief that the dismissal was affirmed by the Second Circuit in *Bey v. City of New York*, No. 98-7686, 1998 U.S. App. LEXIS 31700 (2d Cir. Dec. 18, 1998). But this appeal appears to involve a separate action.[3] Regardless, the entire 1998 case before Judge Kaplan was eventually settled by a stipulation and order of dismissal signed by Judge Buchwald. *See* Dkt. No. 41 in *Bey v. City of New York*, No. 98 Civ. 1353 (S.D.N.Y.).[4]

Also in 1998, Plaintiff, along with several others, brought suit against the City of New York, Giuliani, Kerik, Caruso, and others, again asserting various claims relating to his suspension, disciplinary hearing, and termination. *See Agnes Bey, et al. v. City of New York, et al.*, No. 98 Civ. 5155 (JFK) (S.D.N.Y.). Judge Keenan noted that that particular action was "the fourth action Plaintiffs have brought in the Southern District of New York stemming from the same events." Pischl Decl. Ex. C. (Order Dated Jan. 12, 2000 in 98 Civ. 5155 (JFK) (S.D.N.Y.)). He further held that the action was "frivolous" and dismissed plaintiffs' third amended complaint without leave to replead; i.e., with prejudice. *Id.* at 6.

Plaintiff's suspension was followed by a disciplinary hearing before OATH, which affirmed the suspension and found Plaintiff guilty of all but one of the charges leveled against him. Pischl Decl. Ex. D. (Order dated Mar. 13, 2001 in *Bey v. City of New York*, No. 102646/01 (Sup. Ct., N.Y. Cnty.)). Plaintiff appealed that decision to the City Civil Service Commission, which affirmed the dismissal. *Id.* Undeterred, Plaintiff commenced an Article 78 proceeding in 2001 to seek review of OATH's determination. *Id.* In that action, Justice Arber of New York Supreme Court, New York County granted the defendants' motion to dismiss because Plaintiff

---

[3] Although the plaintiffs are basically the same, the defendants do not match up, nor do the claims.
[4] And prior to that stipulation, on September 30, 1999, Judge Kaplan adopted Magistrate Judge Pitman's recommendation to deny plaintiffs' motion for leave to amend and to grant the City's cross-motion for judgment on the pleadings, which dismissed the case as to all plaintiffs other than Yashua Amen Shekhem El Bey. *See* Dkt. No. 37 in *Bey v. City of New York*, No. 98 Civ. 1353 (S.D.N.Y.).

5

had already elected to appeal to the Civil Service Commission and its decision was "final and conclusive, and not subject to further review in any court." *Id.*

In 2009, Plaintiff once again commenced a suit in federal court, again bringing claims relating to his suspension, disciplinary hearing, and subsequent termination against the City of New York, Kerik, Caruso, and others. *Jawan Akil Bey v. City of New York, et al.*, 09-CV-7566 (LMM) (RLE) (S.D.N.Y.). Judge McKenna granted the defendants' motion to dismiss, holding:

> Plaintiff's claims are time barred. Plaintiff's employment was terminated in or about 1998; the three-year statute of limitations has long since expired. Plaintiff has not made a persuasive argument for equitable tolling: the discovery only in 2008 of information which would (allegedly, at least) have supported his claim is not a basis for tolling; plaintiff was, plainly, aware of the wrong he claims to have suffered in 1998 when he participated as a plaintiff in *Bey v. City of New York* (98 Civ. 5155).

*Bey v. City of New York*, No. 09 Civ. 7566 (LMM), 2010 U.S. Dist. LEXIS 37792, at *1-2 (S.D.N.Y. Apr. 12, 2010).

In short, and as the brief overview provided here makes clear, Plaintiff's previous actions involved an adjudication on the merits and his present cause of action involves claims that were or could have been asserted in these prior actions.

As Judge McKenna's memorandum and order makes clear, Plaintiff has at least once before attempted to re-litigate his prior claims with an argument regarding newly discovered evidence. His most recent attempt based on testimony elicited in a separate trial in 2012 fares no better. Unlike his earlier action, Plaintiff does not argue that the statute of limitations on his claims should be equitably tolled; rather, he argues that *res judicata* should not apply because of the newly discovered evidence. He is incorrect. "As a general rule, newly discovered evidence does not prevent preclusion on *res judicata* grounds unless the evidence was either fraudulently concealed or could not have been discovered with due diligence." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 U.S. Dist. LEXIS 113494, at *37 (S.D.N.Y. Aug. 15, 2014) (citing *In re Adelphia Recovery Trust*, 634 F.3d 678, 695 (2d Cir. 2011); *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991)); *see also Saabirah El v. City of New York*, 300 F. App'x 103, 105 (2d Cir.

2008) (summary order)). Moreover, "[t]he exception does not apply where '[n]o showing has been made that the [ ] defendants *actively concealed*' evidence of the relevant facts or where a plaintiff 'could have ascertained this information through due diligence, including . . . discovery upon the original complaint.'" *Id.* (citing *L-Tec Elecs. Corp. v. Cougar Elec. Org.*, 198 F.3d 85, 88 (2d Cir. 1999) (per curiam)). The evidence Plaintiff now points to came out in the course of a separate trial, and there is no indication that Defendants actively concealed the information or that it would not have been brought to light through Plaintiff's due diligence, including discovery upon his original complaints. *See, e.g., L-Tec Elecs. Corp.*, 198 F.3d at 88 ("No showing has been made that the individual defendants actively concealed either the existence of the non-corporate entity through which they were supposedly acting or Cougar's alleged absence of corporate formalities. Moreover, L-Tec could have ascertained this information through due diligence, including pre-filing investigation or discovery upon the original complaint."). Therefore, to the extent that Plaintiff attempts to re-litigate claims relating to the December 1998 termination of his employment, such claims are barred by the doctrine of res judicata notwithstanding his arguments about newly discovered evidence.

    **B.    Plaintiff's Motion for Relief from a Prior Judgment Pursuant to Rule 60 Is Untimely**

Recognizing that his claims have already been decided in his prior actions, Plaintiff seeks relief from those judgments or orders pursuant to Rule 60. Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Plaintiff claims that his prior cases should be reopened on the basis of newly discovered evidence or fraud on the court, which are covered by Rules 60(b)(2) and (3), both of which are subject to the one-year limitation period. The last of the many orders denying Plaintiff's relief was entered on April 12, 2010, which is well over one year before his most recent cause of action was filed in 2013. Therefore, because Plaintiff's attempt to re-open his prior judgments falls outside the limitation period of Rule 60(c), relief from a judgment or order under Rule 60 is

7

unavailing. To the extent that Plaintiff calls upon this Court to exercise its discretionary power under Rule 60(d) to entertain an independent action or otherwise set aside prior judgments or orders outside the time period set forth in Rule 60(c), there is no basis for doing so.

### C.     Filing Injunction

The City also moved for a filing injunction to prohibit Plaintiff from bringing any further actions challenging the December 1998 determination to terminate his employment with the DOC without first obtaining leave of the Court. "With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994); 28 U.S.C. § 1651(a). However, as in the related action of *Yashua Amen Shekhem El Bey*, 2014 U.S. Dist. LEXIS 158531, at *15-17, the City did not justify its motion in light of the factors that the Second Circuit has instructed district courts should consider before imposing such sanctions. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Like the plaintiff in that case, Plaintiff may have erroneously believed that he had a good faith basis to bring the present action based on what he claims is newly discovered evidence from a recent civil trial. Thus, the Court cannot conclude at this point that Plaintiff "is likely to continue to abuse the judicial process and harass other parties." *Id.* Therefore, the City's motion for a filing injunction is DENIED. In light of this Order, however, Plaintiff is now aware that newly discovered evidence coming so long after the close of his prior actions is not a sufficient basis to obtain relief from the prior orders and judgments relating to the termination of his employment. Plaintiff is warned that any further filings relating to his termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction.

### D.     Other Filings in this Case

In response to the City's motion to dismiss, Plaintiff filed a number of duplicative motions. *See* Dkt. Nos. 26, 30, 34. Following an Order from the Court dated October 16, 2014 seeking clarification regarding the purpose of these various motions, Dkt. No. 40, Plaintiff filed a

8

letter with the Court indicating that his cross motion to strike the City's motion to dismiss was intended to be an opposition brief. Dkt. No. 41. The Court treated it as such. Plaintiff also filed a motion to set aside, vacate, or void prior judgments for fraud upon the court pursuant to Rule 60, Dkt. Nos. 29-31, and a motion for declaratory judgment and request for judicial notice of law, Dkt. Nos. 33-35. The Court is within its discretion to disregard these many extraneous filings that were not submitted with leave of the Court. Regardless, the motions are entirely duplicative of his Amended Complaint and arguments contained in his motion to strike. Therefore, the Court's resolution of the City's motion to dismiss applies with equal force to these many other motions, which are denied.

### IV.  CONCLUSION

For the reasons stated herein, the Court will convert the City's motion to dismiss into a motion for summary judgment, which is GRANTED. The City's motion for a filing injunction is DENIED. However, Plaintiff is forewarned that any further filings relating to his 1998 termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction. This resolves Dkt. Nos. 17, 26, 30, and 34, and the Clerk of Court is directed to close the case.

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Jan 28, 2015
New York, New York

ALISON J. NATHAN
United States District Judge