UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Jawan Akil Bey,

                Plaintiff,

—v—

City of New York, *et al.*,

                Defendants.

13-CV-9103 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On January 28, 2015, the Court granted Defendants' motion to dismiss Plaintiff Jawan Akil Bey's Amended Complaint, but it denied Defendants' motion for a filing injunction enjoining Plaintiff from bringing any further actions challenging his December 1998 termination from the New York City Department of Corrections without first obtaining leave of Court. Dkt. No. 43. At that time, however, the Court warned Plaintiff that "any further filings relating to his 1998 termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction." Dkt. No. 43 at 1. Despite this warning, on February 25, 2015, Plaintiff filed a motion for relief from the Court's January 28, 2015 Order pursuant to Federal Rules of Civil Procedure 60(b)(3)-(4), and (6) and 28 U.S.C. § 455(a); on May 18, 2015, Plaintiff filed a motion to strike the appearance of Assistant Corporation Counsel Stephen Pischl; and on June 5, 2015, Plaintiff filed a motion to strike the Declaration of Assistant Corporation Counsel Stephen Pischl. For the reasons discussed below, Plaintiff's motions are DENIED and the Court will issue a filing injunction.

I.     BACKGROUND

    The background of this case is fully set forth in the Court's Order dated January 28, 2015, Dkt. No. 43. The Court assumes familiarity with this material.

1

## II. DISCUSSION

Plaintiff's motion for relief from the Court's January 28, 2015 Order is effectively a motion for reconsideration. "[T]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In his notice of motion, Plaintiff takes issue with the Court's resolution of the Defendants' motion to dismiss, but he does not point to any controlling decisions or data that the Court overlooked. Therefore, there is no basis to grant the motion for reconsideration.

Nor is there any other basis to grant Plaintiff's motion pursuant to Rules 60(b)(3)-(4) or (6) or 28 U.S.C. § 455(a). Plaintiff appears to argue that the undersigned should be disqualified pursuant to § 455(a) because of "a personal indifference against Plaintiff." Dkt. No. 47 at 2. But, again, other than disagreeing with the Court's resolution of the Defendants' motion to dismiss, Plaintiff does not point to any fact or circumstance suggesting bias, fraud, void judgment, or any other reason that would justify the relief he seeks.

Plaintiff's other motions filed since January 28, 2015 are equally meritless. For example, Plaintiff moved to strike the appearance of defense counsel "for failure to file the appropriate application for admission of pro hac vice standing in the federal court pursuant to FRCP Rule 12(f) and Local Rule 1.3." Dkt. No. 54. The apparent goal of the motion is to also strike all filings submitted by defense counsel. Dtk. No. 54 at 2. But as the Court's records reveal, defense counsel has been admitted to practice before this Court since October 8, 2012. *See* ECF Informix Attorney Entry for Stephen Pischl; *see also* Dkt. No. 55 ¶ 4. Therefore, there is no basis for Plaintiff's motion. Even after defense counsel submitted a declaration explaining that he is admitted to practice before the Court, *see* Dkt. No. 55, Plaintiff filed an additional motion to strike defense counsel's filings. *See* Dkt. No. 56. That motion, too, is without merit.

Furthermore, as noted above, Defendants previously moved for a filing injunction to prohibit Plaintiff from bringing any further actions challenging the December 1998

2

determination to terminate his employment with the Department of Corrections. The Court denied that motion, but warned Plaintiff "that any further filings relating to his 1998 termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction." Dkt. No. 43 at 1. In their opposition to Plaintiff's motion for relief from the Court's January 28, 2015 Order, the Defendants renew their request for a filing injunction. Dkt. No. 49 at 8. Because Plaintiff has failed to heed the Court's prior warning and has instead filed three additional motions and a number of other filings related to his 1998 termination, all of which are equally frivolous, the Court concludes that a filing injunction is warranted.

"With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994). Such limitations have taken the form of injunctions requiring a plaintiff to obtain the leave of court for any future filings. *Id.* (citing *In re Burnley*, 988 F.2d 1 (4th Cir. 1992); *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991)). The Second Circuit has advised district courts,

> in determining whether or not to restrict a litigant's future access to the courts, [to] consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately," the Second Circuit summarized, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

Plaintiff's history of litigation entails vexatious, harassing, and duplicative lawsuits; indeed, Plaintiff has brought at least five such duplicative lawsuits addressing his 1998 termination. *See* Dkt. No. 43 at 3. In the present lawsuit alone, Plaintiff's litigation behavior has

3

consisted of filing multiple meritless motions and other frivolous filings. As noted in the Court's January 28, 2015 Order, while the motion to dismiss was pending, Plaintiff filed a motion to set aside, vacate, or void prior judgments for fraud upon the court, a motion for declaratory judgment, and a request for judicial notice. Dkt. No. 43 at 9. Moreover, even after Plaintiff was warned that additional filings relating to his 1998 termination would be frivolous and would subject him to a filing injunction, he filed yet another motion for reconsideration. While that motion was pending decision, he filed two more frivolous motions without affording the Court time to respond to the first one. The vexatiousness of this behavior is exemplified by his recent motion to strike the notice of appearance of defense counsel—and his subsequent motion to strike the Defendants' opposition to his motion to strike—because Assistant Corporation Counsel Stephen Pischl was allegedly not admitted *pro hac vice*. This motion has no basis in law or fact and appears to be intended primarily to harass the Defendants. *See* Dkt. Nos. 54-58. Furthermore, Plaintiff can no longer have a good faith expectation of prevailing on his underlying claims given that this Court explicitly set forth the reasons why his claims are barred in its January 28, 2015 Order. *See* Dkt. No. 43 at 3-8. Plaintiff has also caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel. The Court and Defendants have devoted considerable time to reading through Plaintiff's voluminous filings and responding to his frivolous arguments. Finally, because this Court has already fully explained why Plaintiff's claims relating to his 1998 termination are meritless and warned him that any future filings relating to his 1998 termination would be frivolous and may result in sanctions, including a filing injunction, *see* Dkt. No. 43, it is not apparent that anything short of a filing injunction will protect the courts and other parties.

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). Because the City initially moved for a filing injunction at the time of their motion to dismiss, Plaintiff was provided with notice and an opportunity to be heard. The Court gave Plaintiff the benefit of the doubt and

4

denied the motion, but it warned Plaintiff that any future filings relating to his 1998 termination would be frivolous and may result in sanctions, including a filing injunction. Ignoring this warning, Plaintiff filed the present motion for reconsideration, which seeks to relitigate issues the Court decided in its January 28, 2015 Order, and two other motions. After receiving Plaintiff's motions, the Court issued an Order to show cause why the Court should not issue a filing injunction. *See* Dkt. No. 59. In Plaintiff's written response to the Court's Order, he focused on the underlying merits of the case once again, arguing the undersigned is "predisposed to issue a filing injunction" and that the Court "fail[ed] to give adequate consideration to the facts and points of law already delineated in detail" in his complaint and other pleadings. However, Plaintiff failed to address his February 25, May 28, and June 5, 2015 motions filed after the Court admonished him that filing further motions would subject him to a filing injunction. Thus, the Court concludes that Plaintiff has had sufficient notice and opportunity to be heard on the issue of a filing injunction.

Applying *Safir* and *Moates*, the Court concludes that a filing injunction is warranted. Plaintiff has engaged in a pattern of duplicative lawsuits, and in this case alone has filed a number of vexatious, harassing, and frivolous motions which the Court and Defendants have devoted significant time to addressing. This behavior continued even after the Court admonished Plaintiff that any future filings relating to his 1998 termination may result in sanctions, including a filing injunction. In particular, Plaintiff's most recent motions to strike the notice of appearance of defense counsel and Defendants' opposition to his motion to strike have no basis whatsoever in law or fact.

As in other cases involving filing injunctions, the Court recognizes that a filing injunction should not be overly broad. *See Safir*, 792 F.2d at 25 (holding that an injunction that precludes a plaintiff "from instituting any action whatsoever, is overly broad"); *see also Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003). Therefore, the Court hereby issues a filing injunction requiring Plaintiff to seek leave of Court before he submits any new filings to

the undersigned or commences any new actions in the Southern District of New York that relate to his December 1998 termination from the New York City Department of Corrections.

### III. CONCLUSION

For the reasons stated herein, the Plaintiff's various motions for reconsideration, relief, and to strike are DENIED.

IT IS FURTHER ORDERED that Plaintiff is required to seek leave of Court before he submits any new filings to the undersigned or commences any new actions in the Southern District of New York that relate to his December 1998 termination from the New York City Department of Corrections. The Court clarifies that this filing injunction does not prevent Plaintiff from pursuing his pending appeal before the Second Circuit Court of Appeals. *See* Dkt. Nos. 44 (Notice of Appeal), 50 (Notice of Stay of Appeal).

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This resolves Dkt. Nos. 45, 54, 56. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 16, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge